**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| TEXAS OCR TECHNOLOGIES, L.L.C. a Texas limited liability company,<br><br>                    Plaintiff,<br><br>        v.<br><br>ADOBE SYSTEMS INCORPORATED, a Delaware corporation; APPLE, INC., a California corporation; BARNES & NOBLE, INC., a Delaware corporation; MICROSOFT CORPORATION, a Washington corporation; GOOGLE INC., a Delaware corporation; and NUANCE COMMUNICATIONS, INC., a Delaware corporation,<br><br>                    Defendants. | CASE NO.  6:11-CV-00175-LED<br><br>Jury Trial Demanded |

## NUANCE COMMUNICATIONS, INC.'S ANSWER AND COUNTERCLAIMS

Defendant Nuance Communications, Inc. ("Nuance") answers Plaintiff's Complaint for Patent Infringement filed in this action by Plaintiff Texas OCR Technologies, LLC ("Plaintiff") as follows:

1.        Nuance denies that it has used and/or continues to use Plaintiff's alleged patented technology in any of its products and/or services.  Nuance denies that Plaintiff is entitled to any damages and/or to an injunction.  Nuance is without knowledge or information sufficient to admit or deny all remaining allegations of paragraph 1 of the Complaint.

2.        Nuance is without knowledge or information sufficient to admit or deny the allegations in paragraph 2 of the Complaint.

3.        Nuance is without knowledge or information sufficient to admit or deny the allegations in paragraph 3 of the Complaint.

4.      Nuance is without knowledge or information sufficient to admit or deny the allegations in paragraph 4 of the Complaint.

5.      Nuance is without knowledge or information sufficient to admit or deny the allegations in paragraph 5 of the Complaint.

6.      Nuance is without knowledge or information sufficient to admit or deny the allegations in paragraph 6 of the Complaint.

7.      Nuance is without knowledge or information sufficient to admit or deny the allegations in paragraph 7 of the Complaint.

8.      Nuance admits that it is incorporated in Delaware and that it has substantial business operations in Burlington, Massachusetts, as well as in many other locations throughout the United States, including in Sunnyvale, California.

9.      Nuance admits that Exhibit A, on its face, appears to be a copy of U.S. Patent No. 6,363,179 (the "'179 patent"), issued on March 26, 2002.  Nuance is without knowledge or information sufficient to admit or deny all remaining allegations of paragraph 9 of the Complaint.

10.      Nuance admits that this suit purports to state a claim under U.S. patent law and that such a claim, if proper, would arise within the Court's subject matter jurisdiction.  Nuance is without knowledge or information sufficient to admit or deny all remaining allegations of paragraph 10 of the Complaint.

11.      Nuance is without information or knowledge sufficient to admit or deny the allegations relating to any other Defendant.  Nuance does not contest that the venue provisions of 28 U.S.C. §§ 1391 and 1400 apply for purposes of this action only, but denies that this is a convenient forum.

12.     No response is required to paragraph 12 of the Complaint.

13.     Nuance admits that U.S. Patent No. 6,363,179 issued on March 26, 2002, but specifically denies that the '179 patent was duly and legally issued.  Nuance is without knowledge or information sufficient to admit or deny all remaining allegations of paragraph 13 of the Complaint.

14.     Nuance is without information or knowledge sufficient to admit or deny the allegations in paragraph 14 of the Complaint.

15.     Nuance is without information or knowledge sufficient to admit or deny the allegations in paragraph 15 of the Complaint.

16.     Nuance is without information or knowledge sufficient to admit or deny the allegations in paragraph 16 of the Complaint.

17.     Nuance is without information or knowledge sufficient to admit or deny the allegations in paragraph 17 of the Complaint.

18.     Nuance is without information or knowledge sufficient to admit or deny the allegations in paragraph 18 of the Complaint.

19.     Nuance is without information or knowledge sufficient to admit or deny the allegations in paragraph 19 of the Complaint.

20.     Nuance is without information or knowledge sufficient to admit or deny the allegations in paragraph 20 of the Complaint.

21.     Nuance is without information or knowledge sufficient to admit or deny the allegations in paragraph 21 of the Complaint.

22.     Nuance is without information or knowledge sufficient to admit or deny the allegations in paragraph 22 of the Complaint.

23.     Nuance is without information or knowledge sufficient to admit or deny the allegations in paragraph 23 of the Complaint.

24.     Nuance is without information or knowledge sufficient to admit or deny the allegations in paragraph 24 of the Complaint.

25.     Nuance is without information or knowledge sufficient to admit or deny the allegations in paragraph 25 of the Complaint.

26.     Nuance is without information or knowledge sufficient to admit or deny the allegations in paragraph 26 of the Complaint.

27.     Nuance is without information or knowledge sufficient to admit or deny the allegations in paragraph 27 of the Complaint.

28.     Nuance is without information or knowledge sufficient to admit or deny the allegations in paragraph 28 of the Complaint.

29.     Nuance denies the allegations in paragraph 29 of the Complaint.

30.     Nuance denies the allegations in paragraph 30 of the Complaint.

31.     Nuance denies the allegations in paragraph 31 of the Complaint.

32.     No response is required to paragraph 32 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering the Complaint, Nuance asserts the following defenses without assuming any burden that it would not otherwise have. Nuance reserves the right to amend its answer with additional defenses as further information is obtained.

### First Defense: Non-infringement of the Asserted Patent

1.     Nuance has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the asserted patent, and is not liable for infringement thereof.

2.      Nuance's methods, systems, apparatus, and/or products that are accused of infringement have substantial uses that do not infringe and therefore cannot induce or contribute to the infringement of the asserted patent.

## Second Defense: Invalidity of the Asserted Patent

3.      The claims of the asserted patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 U.S.C., including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112, and 135 *et seq.*

## Third Defense: Prosecution History Estoppel

4.      On information and belief, Plaintiff's alleged cause of action for patent infringement is barred under the doctrine of prosecution history estoppel, and Plaintiff is estopped from claiming that the asserted patent covers or includes any accused Nuance method, system, apparatus, and/or product.

## Fourth Defense: Dedication to the Public

5.      Plaintiff has dedicated to the public all methods, systems, apparatus, and/or products disclosed in the asserted patent, but not literally claimed therein, and is estopped from claiming infringement by any such public domain methods, systems, apparatus, and/or products.

## Fifth Defense: License and/or Covenant Not to Sue

6.      To the extent that any of Plaintiff's allegations of infringement are premised on the alleged use, sale, or offer for sale of methods, systems, apparatus, and/or products that were manufactured by or for a licensee of Plaintiff or its predecessors-in-interest and/or provided to Nuance by or to a licensee of Plaintiff or its predecessors-in-interest, or under a covenant not to sue, such allegations are barred pursuant to license and/or exhaustion.

## Sixth Defense: Failure to State a Claim

7.     Plaintiff has failed to state a claim for infringement under 35 U.S.C. § 271.

## Seventh Defense: Patent Unenforceability Due to Patent Misuse

8.     The asserted patent is unenforceable due to patent misuse. Plaintiff has sought to illegally extend its alleged patent rights by alleging that methods, systems, apparatus, and/or products having substantial non-infringing commercial uses contributorily infringe the patent and induce infringement of the patent.

## Eighth Defense: Laches, Waiver, Estoppel

9.     Plaintiff's claims are barred, in whole or in part, by estoppel, laches, waiver, and/or other equitable doctrines.

## Ninth Defense: No Entitlement To An Injunction

10.     On information and belief, Plaintiff does not presently engage in commercial activity that practices any claim of the asserted patent.

11.     Plaintiff cannot show that it has suffered or will suffer any irreparable injury as a result of Nuance's alleged actions.

12.     Plaintiff cannot show that remedies available at law, such as monetary damages, are inadequate to compensate for any alleged injury caused by Nuance's alleged actions.

13.     Plaintiff cannot show that, considering the balance of hardships between Plaintiff and Nuance, a remedy in equity is warranted.

14.     Plaintiff cannot show that the public interest favors an injunction against Nuance.

15.     Plaintiff cannot meet any of the requirements for an injunction. Plaintiff is not entitled to an injunction.

### Tenth Defense: Unclean Hands

16.     Plaintiff's claims are barred, in whole or in part, by unclean hands.

### Eleventh Defense: Failure to Mitigate Damages

17.     Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages.

### Twelfth Defense: Failure To Provide Notice

18.     On information and belief, Plaintiff has failed to meet the requirements of 35 U.S.C. §§ 271(b) and (c), 284 and/or 287.

### Thirteenth Defense: Reverse Doctrine Of Equivalents

19.     The accused methods and/or systems operate in ways substantially different in principle from the way the purported invention described in the '179 patent operates and/or is programmed, and Plaintiff cannot sustain its burden of proving otherwise.

### Fourteenth Defense: Use/Manufacture By/For United States Government

20.     To the extent that any accused method, system, apparatus, and/or product has been used or manufactured by or for the United States, Plaintiff's claims and demands for relief are barred by 28 U.S.C. § 1498.

### COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Counterclaim-Plaintiff Nuance Communications, Inc. ("Nuance"), for its counterclaims against Plaintiff Texas OCR Technologies, LLC ("Plaintiff") allege as follows:

### PARTIES

1.     Nuance is a Delaware corporation with its principal place of business in Burlington, Massachusetts.

2.      According to paragraph 2 of the Complaint, Plaintiff Texas OCR Technologies, LLC is a Texas limited liability company.

## JURISDICTION

3.      This is an action for a declaration of non-infringement and invalidity of U.S. Patent No. 6,363,179 (the "'179 patent").  This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

4.      Venue for these counterclaims is proper within this District because the counterclaims arise from facts and circumstances alleged in the Complaint filed by Plaintiff in this District.

## COUNT ONE

## DECLARATION OF NON-INFRINGEMENT OF THE '179 PATENT

5.      Nuance incorporates and realleges the allegations of paragraphs l-4 of these counterclaims.

6.      Plaintiff alleges that it is the "owner of all right, title, and interest in the '179 patent."

7.      Plaintiff has brought suit against Nuance for infringement of the '179 patent.

8.      Plaintiff has no reasonable basis on which to assert that Nuance directly infringes any claim of the '179 patent.

9.      Plaintiff has no reasonable basis on which to assert that Nuance induces infringement of any claim of the '179 patent.

10.     Plaintiff has no reasonable basis on which to assert that Nuance contributorily infringes any claim of the '179 patent.

11.     Nuance has not infringed, has not contributed to the infringement of, and has not induced the infringement of any valid claim of the '179 patent asserted by Plaintiff, and is not liable for infringement thereof.

12.     Plaintiff's actions and allegations have created an actual case and controversy between Plaintiff and Nuance under 28 U.S.C. §§ 2201 and 2202, and that controversy is ripe for adjudication by this Court.

13.     To resolve the legal and factual questions raised by Plaintiff, and to afford Nuance relief from the uncertainty and controversy precipitated by Plaintiff's accusations against it, Nuance is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that Nuance does not infringe and has not infringed any valid claim of the '179 patent.

## COUNT TWO

## DECLARATION OF INVALIDITY OF THE '179 PATENT

14.     Nuance incorporates and realleges the allegations of paragraphs l-13 of these counterclaims.

15.     One or more claims of the '179 patent are invalid under one or more sections of 35 U.S.C. §§ 101, 102, 103, 112, and/or 135(b).

16.     Plaintiff's actions and allegations have created an actual case and controversy between Plaintiff and Nuance under 28 U.S.C. §§ 2201 and 2202, and that controversy is ripe for adjudication by this Court.

17.     To resolve the legal and factual questions raised by Plaintiff, and to afford Nuance relief from the uncertainty and controversy precipitated by Plaintiff's accusations against it, Nuance is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that one or more claims of the '179 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Nuance prays for relief as follows:

A.     Dismissing the Complaint with prejudice, and with Plaintiff recovering nothing thereon;

B.     Entering judgment in favor of Nuance and against Plaintiff;

C.     Declaring that that the asserted claims of the '179 patent have not been infringed by Nuance;

D.     Declaring that the asserted claims of the '179 patent are invalid;

E.     Awarding Nuance its costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action, pursuant to 35 U.S.C. § 285; and

F.     Granting such further relief to Nuance as is just and proper.

Respectfully submitted,

Dated:  July 5, 2011          By:     */s/Salumeh R. Loesch*
                                       J. Christopher Carraway (OR Bar No. 961723)
                                       christopher.carraway@klarquist.com
                                       Robert T. Cruzen (OR Bar No. 080167)
                                       james.geringer@klarquist.com
                                       Salumeh R. Loesch (OR Bar No. 090074)
                                       salumeh.loesch@klarquist.com
                                       Jeffrey S. Love (OR Bar No. 873987)
                                       kristin.cleveland@klarquist.com
                                       John D. Vandenberg (OR Bar No. 893755)
                                       john.vandenberg@klarquist.com
                                       KLARQUIST SPARKMAN, LLP
                                       121 S.W. Salmon Street, Suite 1600
                                       Portland, Oregon  97204
                                       Telephone:  (503) 595-5300
                                       Facsimile:  (503) 595-5301

                                       *Attorneys for Defendant*
                                       *Nuance Communications, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 5, 2011 a true and correct copy of the above

and foregoing document has been served on all counsel of record who are deemed to have

consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).


*/s/Salumeh R. Loesch*
Salumeh R. Loesch